A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Dec 02, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Dec 02, 2008**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: COUNTRYWIDE FINANCIAL
CORP. CUSTOMER DATA SECURITY
BREACH LITIGATION

MDL No. 1998

**TRANSFER ORDER**

     **Before the entire Panel**[*]: Plaintiff in the Middle District of Florida action now moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation either in the Western District of Missouri or the District of Kansas.[1] All responding parties agree that centralization is appropriate. At oral argument, movant and plaintiffs in more than twenty known actions narrowed their suggested transferee district to the District of Kansas. Some plaintiffs alternatively suggest the Central District of California, the Southern District of Florida, the Western District of North Carolina, the Northern District of Ohio or the Western District of Missouri. The Countrywide defendants[2] initially did not express a strong preference;[3] at oral argument, they also stated that they now support selection of the District of Kansas.

     This litigation currently consists of six actions listed on Schedule A and pending in five districts as follows: two actions in the Central District of California and one action each in the Southern District of California, the Middle District of Florida, the Southern District of Florida and the Western District of Missouri.[4]

---

[*] Judge Vratil took no part in the disposition of this matter.

[1] The moving plaintiff initially sought centralization in the Middle District of Florida, but in a response filed by plaintiffs in nine actions (including moving plaintiff), movant favored selection of the Western District of Missouri or the District of Kansas.

[2] Bank of America Corp.; Countrywide Financial Corp. (Countrywide); Countrywide Home Loans, Inc.; Countrywide Bank, FSB; and Full Spectrum Lending Division.

[3] The Countrywide defendants generally suggested selection of a district in the Third, Sixth, Eighth or Eleventh Circuits or the Western District of North Carolina.

[4] The Panel has been notified that 26 related actions are pending in various districts. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the alleged failure of Countrywide to limit access to and/or adequately safeguard private customer information in violation of the Fair Credit Reporting Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves 32 known actions pending throughout the United States, any number of districts would be an appropriate transferee forum. Accordingly, we have selected the Western District of Kentucky, where Judge Thomas B. Russell can guide this litigation ably.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Thomas B. Russell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil[*] | David R. Hansen |
| W. Royal Furgeson, Jr. | |