UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: COUNTRYWIDE FINANCIAL               Case No. 3:08-MD-01998-TBR
CORP. CUSTOMER DATA SECURITY               MDL No. 1998
BREACH LITIGATION

_____

This document relates to                           Chief Judge Thomas B. Russell
ALL ACTIONS

**ORDER**

Before the Court is Plaintiffs Laila Elkhettab, Jay Guamer, Scott Gregg, Matthew Martin,

Harold Mooney, Edmund Moses, Thomas Munz, Michael Rich, and Kim Wickman's ("Settling

Plaintiffs") motion for preliminary approval of settlement (Docket #7).  The review of this

settlement has taken more time than the Court has anticipated.  The Court is prepared to issue an

opinion concerning certification of the settlement class, preliminary approval of the proposed

settlement, and appointment of class counsel.  However, the Court currently has some issues about

accepting Settling Plaintiffs' proposed notice plan.

When a proposed class is to be notified of the certification of the class and the settlement of

the action, the notice to the class must satisfy the requirements of Rules 23(c)(2) and 23(e) of the

Federal Rules of Civil Procedure.  Under Rule 23(e), the Court must direct notice in a reasonable

manner to all class members who would be bound by the proposal.  In addition, for any class

certified under Rule 23(b)(3), the Court must direct to class members the best notice practicable

under the circumstances, including individual notice to all members who can be identified through

reasonable efforts.  Fed. R. Civ. P. 23(c)(2)(B).

The proposed settlement class consists of all persons who either: (1) provided private

information to Countrywide prior to July 1, 2008, or (2) whose mortgage was serviced by

Countrywide prior to July 1, 2008.  This class is estimated to consist of around 17 million persons.  The proposed notice plan calls for direct notice to the 2.4 million class members who previously received a letter from Countrywide concerning the data breach.  The remaining class members would be notified of the class action and settlement through publication notice.

Defendant argues that individual notice is not required because the database containing the class members addresses goes back more than a decade.  This suggests to Defendant that millions of the class members would have moved in this time, and therefore these addresses would invalid.

However, the Court is not convinced that this alone is sufficient to satisfy the requirement of  Rule 23(c)(2)(B) that individual notice be sent to all members who may be identified through reasonable efforts.  It is likely that Countrywide would have current addresses for class members whose mortgages were being serviced by Countrywide around the time of the data breach or class members who had recently sent Countrywide personal information.  It is also likely that addresses obtained by Countrywide 10 years ago with no further contact or updating information would be out of date.   For this reason, at this time the Court cannot find that only persons entitled to direct notice are the 2.4 million class members who received a letter.  In order to not send direct notice to a class member, the Court must be convinced that the class member cannot be identified through reasonable efforts.

The Court's failure to approve the proposed notice plan could affect the proposed settlement.  Increasing the number of direct mailings would increase the cost of the notice plan.  This would not reduce the class's recovery, because under the settlement Defendant is paying the costs of notifying the class.  However, the settlement agreement itself calls for direct mailings to only those class members who previously were sent a letter, and the Court cannot alter or renegotiate the settlement

agreement.

The Court is prepared to grant preliminary approval of the settlement and appointment of class counsel with direct notice to the 2.4 million proposed class members who received a letter from Countrywide concerning the data breach.  In addition, individual notice would be sent to the proposed class members who were active customers of Countrywide during the time that Rene Rebollo had access to their data.  The remaining class members, who may have had their data stolen during that period but were not active customers at the time, would be given notice by publication. The rationale for this distinction is that if the class members are not active customers, then there is a greater likelihood that Countrywide's records would be out of date.

If the Settling Plaintiffs disagree with the notice plan as outlined by the Court, Defendant and the Settling Plaintiffs shall have seven (7) days in which to file briefs that address the Court's concerns regarding the notice plan proposed by the Settling Plaintiffs and provide additional information about the efforts necessary to allow direct notice to a greater number of class members. Other parties in this litigation may respond seven (7) days after Defendant and the Settling Plaintiffs have filed their briefs.  Finally, the Court notes that the notice issue could be resolved if the class is limited to the 2.4 million class members who have some proof of actual access by Rebollo, which would remove the need for publication notice.

**IT IS SO ORDERED.**