IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:08-MD-01998-TBR<br><br>MDL No. 1998<br><br>HONORABLE THOMAS B. RUSSELL |

**SUR-REPLY OF THE HOLMES GROUP TO THE SETTLING PARTIES' MEMORANDUM IN FURTHER SUPPORT OF REVISED NOTICE PLAN**

Plaintiffs, the Holmes Group, through their undersigned counsel, hereby respond to the Settling Parties' Memorandum in Further Support of Revised Notice Plan. [DE #102].

I. **THE SETTLING PARTIES HAVE MATERIALLY CHANGED THE DEFINITION OF THE "SETTLEMENT CLASS"**

This Court's Order of June 30, 2009 states that "[i]t is likely that Countrywide would have current addresses for class members whose mortgages were being serviced by Countrywide around the time of the data breach *or class members who had recently sent Countrywide personal information.*" [DE#89], p. 2. The later part of this statement is consistent with the Settling Parties' as filed definition of the proposed "Settlement Class" which is "all Persons in the United States who either: (1) *provided their Private Information to Countrywide prior to July 1, 2008; or* (2) whose mortgage was serviced by Countrywide prior to July 1, 2008. Settlement Agreement [DE#7-2], p. 9 (Emphasis Added). This proposed Settlement Class definition is consistent with the acknowledged details of Rene Rebello's illegal activity and in particular the very specific nature of the Personal Information he was asked by his co-conspirators to find, download, and sell. The Affidavit of FBI Agent Richard Ryan provides:

> Often, REBOLLO was requested by other individuals to obtain Specific types of data from Countrywide Home Loans. For example, REBOLLO was asked for "portfolio leads" or "new declines."

1

REBOLLO was able to accommodate such requests...."
Affidavit of Richard Ryan, FBI, [DE# 23, Exhibit G], p. 8.

The Holmes Plaintiffs raised as an issue in their Memorandum In Opposition to the Revised Settlement Plan, whether the revised notice plan provides adequate notice to those Class Members who provided their private information to Countrywide as part of the application process, but were not approved for or otherwise did not actually purchase a mortgage during the period July 2006 through July 2008. Inexplicably, the Settling Parties responded by saying only those individuals who are "costumers of Countrywide" are part of the Settlement Class. While the Holmes Plaintiffs have not been able to locate in any filing by the Settling Parties a proposed definition of a "customer of Countrywide" it appears from the plain language of the Settling Parties' Memorandum that the Settling Parties' position is clear - no notice need be provided to "those individuals who never got a mortgage" from Countrywide because "[t]he group that the Holmes Plaintiffs now refer to is...not part of the proposed Settlement Class." Memorandum, p. 7. "In short, no notice is required *for persons not part of the Settlement Class. Id.* (Emphasis Added).

The Settling Parties must not understand the full scope of their own proposed definition of the Settlement Class; which includes all persons who *"provided their Private Information to Countrywide prior to July 1, 2008"* together with those persons "whose mortgage was serviced by Countrywide prior to July 1, 2008." Contrary to the Settling Parties' Memorandum, the Class is not limited to "customers of Countrywide," but specifically does include "the group that the Holmes Plaintiffs now refer to" – applicants who provided their Private Information to Countrywide prior to July 1, 2008, but may not have become actual customers. In the

alternative, the Settling Parties must now be offering a new definition of "Settlement Class," one limited to just "customers of Countrywide" (i.e. – the "serviced by Countrywide" part 2 of the original definition) and thus a new Settlement Agreement. While neither proposition is acceptable, the later most certainly requires this Court to deny the Motion for Preliminary Approval of Class Action Settlement; it is under inclusive given the acknowledged scope and targets of Robello's activities.

## II. CONCLUSION

For the foregoing reasons, the undersigned counsel for The Holmes Group, respectfully submit that the Motion for Preliminary Approval of Class Action Settlement should be denied until the above concerns are addressed.

Respectfully Submitted,

Dated: August 28, 2009

s/ Stacey Blankenship
Stacey A. Blankenship, Esquire
Doug Moore, Esquire
DENTON & KEULER
555 Jefferson Street, Suite 301
Paducah, KY 42001
270-443-8253 telephone

Donald E. Haviland, Jr., Esquire
Robert G. Hughes, Esquire
Michael J. Lorusso, Esquire
THE HAVILAND LAW FIRM, LLC
111 South Independence Mall East, Suite 1000
Philadelphia, PA 19106
(215) 609-4661 telephone

Barry Eichen, Esquire
EICHEN LEVINSON CRUTHLOW, LLP
40 Ethel Road
Edison, NJ 08817
(732) 777-0100 telephone

3

Kent M. Williams, Esquire
LAW OFFICES OF KENT M. WILLIAMS
1632 Homestead Trail
Long Lake, MN 55356
(763) 473-1383 telephone

ATTORNEYS FOR PLAINTIFFS, THE HOLMES GROUP, AND THE CLASS