

FILED

JEFFREY A. APPERSON, CLERK

JUN 2 8 2010

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: COUNTRYWIDE FINANCIAL | ) | Case No. 3:08-MD-01998-TBR |
| CORP. CUSTOMER DATA SECURITY | ) | |
| BREACH LITIGATION | ) | |
| | ) | |
| This Document Relates To All Actions | ) | Honorable Thomas B. Russell |

### OBJECTIONS OF OBJECTORS WINFIELD C. SCOTT, BARBARA A. SCOTT, MYRA E. SIMMONS-HOMER, JOHN M. CALDER AND PEGGY A. CALDER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

COME NOW, WINFIELD C. SCOTT, BARBARA A. SCOTT, MYRA E.
SIMMONS-HOMER, JOHN M. CALDER and PEGGY A. CALDER ("Objectors") Class
Members to this action, by and through their undersigned counsel, and hereby file these
Objections to the Proposed Class Action Settlement, give notice of their counsel's intent to
appear at the July 19, 2010, settlement hearing, and request awards of an incentive fee for
serving as unnamed class member objectors.

Objectors, WINFIELD C. SCOTT, BARBARA A. SCOTT, MYRA E. SIMMONS-
HOMER, JOHN M. CALDER and PEGGY A. CALDER, represent to the court that each are
Class Members, qualified to make a claim for the proposed relief as set forth in the NOTICE
OF CLASS ACTION SETTLMENT; their contact information is as follows, but all mail
should be sent to their attorney's address below:

      1.     Winfield C. Scott and Barbara A. Scott, 129 Europa Street, Encinitas, CA
92024-2034 (Exhibit "A");

      2.     Myra E. Simmons-Homer, 5600 Netleaf Road, Austin, TX 78724-6385
(Exhibit "B"); and

      3.     John M. Calder and Peggy A. Calder, 10222 N. 52nd Drive, Glendale, AZ
85302-1604 (Exhibit "C").

/ / /

/ / /

## I.

## <u>Class Counsel Has Failed to Direct Notice of Their Fee Motion to the Class Members in a Reasonable Manner</u>

Fed. R. Civ. P. 23(h) provides:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

The rule clearly states that class members may object to "the motion," not just to the amount of fees requested in the motion. To satisfy this rule, Class Members must have an opportunity to object to the Settlement Agreement *after* the Attorneys' Fee Application is filed, so logically, the objection deadline cannot come *before* this application is filed with the court. Contrary to Rule 23 (h), neither these Objectors, nor any Class Members will be given this right.

Here, Class Counsel did not file their Attorneys' Fees Application prior to the objection deadline on June 24, 2010. Class Members, therefore, were not given a reasonable time to evaluate and object to the motion. Without providing Class Members with ALL necessary information pertaining to this settlement, they cannot possibly evaluate it for fairness. Class Members have the right to make an informed decision on whether to object, opt out, or give up their legal rights and partake in this settlement. Here, their decision calls for speculation. No court could evaluate the fairness of a class action settlement without this information and the Class Members should not be forced to either. Therefore, the court should not determine the settlement is fair, adequate, or reasonable until the Class Members can properly make that determination for themselves. These Objectors reserve the right to file

supplemental materials once all of Attorneys' Fee Application and supplemental materials have been filed.

## II.

## THE REQUESTED FEE IS UNREASONABLE AND UNFAIR

The Sixth Circuit has routinely held that the primary concern in evaluating a request for attorneys fees is that the fee awarded be reasonable. *Paschal v. Flagstar Bank,* 297 F.3d 431, 434 (6th Cir.2002). When awarding attorney's fees in a class action, a court must protect the interests of absent class members and also make sure that counsel is fairly compensated for the amount of work done and results achieved. *Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513, 516 (6th Cir.1993). This court warned that:

> The interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition there is often no one to argue for the interests of the class (that their recovery should not be unfairly reduced), since it is to be expected that class members with small individual stakes in the outcome will not file objections, and the defendant who contributed to the fund will usually have scant interest in how the fund is divided between the plaintiffs and class counsel.

*Id.* The actual and readily apparent conflict of interest underscores the importance of a thorough analysis by the Court – aided, of course, by Objectors, who are the only parties remaining to preserve the adversary process.

Although this case is not a traditional common fund, it still holds true that the defendant has bargained to pay up to a certain total value. Whether that money is paid to Class Counsel or Class Members makes no difference to them. However, where that money goes is crucial to Class Members, especially because the Theft Reimbursement Provision is on a first come first serve basis.

As noted, Class Counsel has not filed any Application for Attorneys' Fees. However, they will most likely argue that the Court should calculate Attorneys' Fees based on the potential maximum recovery of the settlement benefits. Some support for calculating fees on maximum benefits can be found in the *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980),

- 3 -

however, Boeing does not compel this result. In *Boeing*, the entire amount of Boeing's liability had to be paid into escrow upfront and was not contingent on the number of claims made. *Id* at 481 n.5. In fact, the Court specifically declined to decide whether attorneys' fees should be based on the potential maximum recovery in cases where a defendant must only give a security interest against all potential claims. *Id.* Here, the Defendant's liability is contingent on the claims made. The *agreement* to provide credit monitoring and to reimburse funds acts only as a security interest against all potential claims. In fact, all this settlement can guarantee is that the attorneys will be paid. Class Counsel was not able to bargain for any *cy pres* relief to benefit silent class members.

The attorneys' fees should not be based on available benefits that in all likelihood will not be claimed. The contingent nature of the defendants liability coupled with the well known fact that class action settlements historically have very low claims rates demonstrates that this settlement is not worth its face value. Class Counsels failure to negotiate for *cy pres* provision is significant. The purpose of *cy pres* is to use any unclaimed funds "to whatever would be the next best use of the money to carry out the intent of the fund, which in class actions usually means for the indirect benefit of the class." *Lessard v. City of Allen Park*, 470 F. Supp. 2d 781, 782-83 (E.D. Mich. 2007) citing 3 William B. Rubenstein et al., Newberg on Class Actions § 10.16 n.1 (4th ed. Supp. 2009). The choice of recipient should be guided by the objectives of the underlying statute and the silent class members. *Lessard* 470 F. Supp. 2d at 782-83.

During negations, Countrywide and Class Counsel were well aware of the low claims rates in class actions and that a settlement that pays on a per claim basis greatly favors the defendant. Without a *cy pres* provision, this settlement does not provide any benefit to the majority of class members – those who will not make a claim.

Frankly, the results achieved by Class Counsel are not that impressive and they should be compensated accordingly. The $3.5 million in requested fees is based on the total potential value of the settlement. The fees should be based on some figure between the

- 4 -

purported total value of the settlement and the actual benefit conferred to reflect the major deficiency in providing no compensation to silent class members.[1] Instead of simply decreasing the attorneys' fees, the court should use any reduction to in fees to distribute *cy pres*. Alternatively, this settlement should not be approved until Class Counsel has earned their $3.5 million in fees and there is a *cy pres* provision to benefit the silent class members.

**III.**

### The Additional Identity Theft Reimbursement Provision Must Be Examined Closely

The Settlement Agreement will allow any Class Member to be reimbursed up to $50,000 per incident of identity theft. This sounds like a valuable benefit, but on closer examination this benefit might be more trouble than it's worth. The Settlement Agreement states Class Members will be reimbursed "for any loss that is claimed and shown by the claimant to have occurred more likely than not as a result of the alleged theft of the Private Information." This provision potentially leaves too much power with the defendant to deny practically every claim brought. Class Counsel should be required to prove this is not merely a fictitious benefit and that most victims of identity theft will be able to prove how their information was stolen. Otherwise this purported $5 million dollar benefit may be viewed as evidence of collusion, and is undoubtedly unfair and inadequate.

Another problem lies with the Identify Theft Reimbursement provision because this fund is paid on a first claim basis. This creates conflict between Class Members because many claims could be worthless if the $5 million dollar cap is reached. It is unfair to Class Members who receive nothing simply because they were victims of identity theft at a later date. Furthermore, according to the Settlement Agreement, claimants who are reimbursed under this provision will also be entitled to receive of an extra free year of the Credit Monitoring Protection Package. This means claimants who are not reimbursed *because* the $5 million dollar cap has been depleted will also not be eligible to receive an extra free year

---

[1] The court could delay payment of a portion of the attorneys' fees until the actual claims rate is tabulated.

of the Credit Monitoring Protection Package.  Once again, Class Members who are victims of the identity theft at a later date could potentially be left out of any recovery whatsoever.  To alleviate the unfairness, payment on these claims should be withheld until 2010 and paid out pro rata.  Also, any valid claim should be rewarded with an extra year of the Credit Monitoring Protection Package, not just claims made before the $5 million dollar cap is reached.

## IV.

## CONCLUSION

WHEREFORE, these Objectors respectfully requests that this Court:

A.  Upon proper hearing, sustain these Objections;

B.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

C.  Continue the Fairness Hearing until such time that these Objectors have had an opportunity to review Class Counsel's Fee Application and for an opportunity to submit limited Discovery regarding said Fee Application.

D.  Award an incentive fee to these Objectors for their service as named representatives of Class Members in this litigation.

E.  Order the production of the copies of documents requested in Section III above.

Dated: June 24, 2010                          By: _____
                                                      Todd McMurtry

Todd McMurtry
Dressman, Benzinger, LeVelle, psc
207 Thomas More Pkwy
Crestview Hills, KY 41017-2596
Phone: (859) 341-1881
Fax: (859) 341-1469
Email: tmcmurtry@dbllaw.com

Darrell Palmer
Law Offices of Darrell Palmer
603 N. Highway 101, Suite A
Solana Beach, CA 92075
Phone: (858) 792-5600
Fax: (858) 792-5655
Email: darrell.palmer@palmerlegalteam.com

Attorney for Objectors

EXHIBIT A

Notice Administrator for U.S. District Court
PO Box 2730
Portland, OR 97208

PRESORTED
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. 9
MANCHESTER, PA

## Legal Notice about a data theft settlement.

1334074528209

Winfield C. Scott
Barbara A. Scott
129 Europa St
Encinitas, CA 92024-2034

394/8 B000227907

---

## How to get more information.

You can view the detailed notice, claim form and other information about the settlement by visiting www.CWdataclaims.com. To receive a copy of the detailed notice and a claim form by mail, call 1-866-940-3612 or complete and return this postcard.

Name ______________________

Address ______________________

______________________

City, ST Zip Code ______________________

Mail to: Countrywide Data Settlement, PO Box 2730, Portland, OR 97208

1334074528209

PLACE
STAMP
HERE

Countrywide Data Settlement
PO Box 2730
Portland, OR 97208-2730

PC7

# If you provided personal information or made mortgage payments to Countrywide before July 1, 2008, you could get benefits from a data theft settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

A settlement has been reached with Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Full Spectrum Lending Division, and Bank of America Corporation (together called "Countrywide") about the theft of personal and financial information from their customer databases.

The lawsuit alleged that Countrywide did not adequately protect confidential personal and financial information. Countrywide denies all of the claims.

You are included in the Settlement Class and you have legal rights and options, such as submitting a claim for benefits or excluding yourself from or objecting to the settlement.

**Settlement Benefits:** Class Members are eligible to receive reimbursement for identity theft of up to $50,000 per incident. To get benefits you need to submit a claim form. A claim form is available at the website

www.CWdataclaims.com                    1·866·940·3612

or by calling 1-866-940-3612. The earliest deadline to submit a claim is October 18, 2010.

**Your Other Options:** If you do not want to be legally bound by the settlement, you must exclude yourself from the Class by June 24, 2010, or you will not be able to sue, or continue to sue, Countrywide about the legal claims this settlement resolves, ever again. If you stay in the Class (do not exclude yourself), you may object to the settlement by June 24, 2010. The Court will hold a hearing on July 15, 2010, to consider whether to approve the settlement. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

More information is available at the website and toll free number listed below. To receive a detailed notice and claim form by mail, call 1-866-940-3612 or return the attached postcard.

EXHIBIT B

Notice Administrator for U.S. District Court
PO Box 2730
Portland, OR 97208

PRESORTED
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. 9
MANCHESTER, PA

**Legal Notice about a data theft settlement.**

1334060804506

Myra E. Simmons-Homer
5600 Netleaf Rd
Austin, TX 78724-6385

702/12 C000372513

1334060804506

**How to get more information.**

You can view the detailed notice, claim form and other information about the settlement by visiting www.CWdataclaims.com. To receive a copy of the detailed notice and a claim form by mail, call 1-866-940-3612 or complete and return this postcard.

Name ____________________

Address ____________________

____________________

City, ST Zip Code ____________________

Mail to: Countrywide Data Settlement, PO Box 2730, Portland, OR 97208

## If you provided personal information or made mortgage payments to Countrywide before July 1, 2008, you could get benefits from a data theft settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

A settlement has been reached with Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Full Spectrum Lending Division, and Bank of America Corporation (together called "Countrywide") about the theft of personal and financial information from their customer databases.

The lawsuit alleged that Countrywide did not adequately protect confidential personal and financial information. Countrywide denies all of the claims.

You are included in the Settlement Class and you have legal rights and options, such as submitting a claim for benefits or excluding yourself from or objecting to the settlement.

**Settlement Benefits:** Class Members are eligible to receive reimbursement for identity theft of up to $50,000 per incident. To get benefits you need to submit a claim form. A claim form is available at the website

or by calling 1-866-940-3612. The earliest deadline to submit a claim is October 18, 2010.

**Your Other Options:** If you do not want to be legally bound by the settlement, you must exclude yourself from the Class by June 24, 2010, or you will not be able to sue, or continue to sue, Countrywide about the legal claims this settlement resolves, ever again. If you stay in the Class (do not exclude yourself), you may object to the settlement by June 24, 2010. The Court will hold a hearing on July 19, 2010, to consider whether to approve the settlement. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

More information is available at the website and toll free number listed below. To receive a detailed notice and claim form by mail, call 1-866-940-3612 or return the attached postcard.

**www.CWdataclaims.com**          **1-866-940-3612**

PC7

Countrywide Data Settlement
PO Box 2730
Portland, OR 97208-2730

PLACE
STAMP
HERE



EXHIBIT C

Notice Administrator for U.S. District Court
PO Box 2730
Portland, OR 97208

> PRESORTED
> FIRST CLASS
> U.S. POSTAGE
> **PAID**
> PERMIT NO. 9
> MANCHESTER, PA

## Legal Notice about a data theft settlement.



1334067493696

John M. Calder
Peggy A. Calder
10222 N 52nd Dr
Glendale, AZ 85302-1604

1459/24   C000776839

---



1334067493696

Mail to: Countrywide Data Settlement, PO Box 2730, Portland, OR 97208

City, ST Zip Code

_____

Address

_____

Name

_____

You can view the detailed notice, claim form and other information about the settlement
by visiting www.CWdataclaims.com.  To receive a copy of the detailed notice and a
claim form by mail, call 1-866-940-3612 or complete and return this postcard.

## How to get more information.

# If you provided personal information or made mortgage payments to Countrywide before July 1, 2008, you could get benefits from a data theft settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

A settlement has been reached with Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Full Spectrum Lending Division, and Bank of America Corporation (together called "Countrywide") about the theft of personal and financial information from their customer databases.

The lawsuit alleged that Countrywide did not adequately protect confidential personal and financial information. Countrywide denies all of the claims.

You are included in the Settlement Class and you have legal rights and options, such as submitting a claim for benefits or excluding yourself from or objecting to the settlement.

**Settlement Benefits:** Class Members are eligible to receive reimbursement for identity theft of up to $50,000 per incident. To get benefits you need to submit a claim form. A claim form is available at the website

or by calling 1-866-940-3612. The earliest deadline to submit a claim is **October 18, 2010.**

**Your Other Options:** If you do not want to be legally bound by the settlement, you must exclude yourself from the Class by **June 24, 2010,** or you will not be able to sue, or continue to sue, Countrywide about the legal claims this settlement resolves, ever again. If you stay in the Class (do not exclude yourself), you may object to the settlement by **June 24, 2010.** The Court will hold a hearing on **July 19, 2010,** to consider whether to approve the settlement. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

More information is available at the website and toll free number listed below. To receive a detailed notice and claim form by mail, call 1-866-940-3612 or return the attached postcard.

| www.CWdataclaims.com | 1-866-940-3612 |
| --- | --- |

PC7

Countrywide Data Settlement
PO Box 2730
Portland, OR 97208-2730

PLACE STAMP HERE

