UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: COUNTRYWIDE FINANCIAL CORP.  CASE NO: 3:08-MD-01998
CUSTOMER DATA SECURITY BREACH  MDL No. 1998
LITIGATION
_____
This document relates to:

ALL ACTIONS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Objector Privacy Rights Clearinghouse's Motion for Award of Attorneys' Fees and Costs (Docket #296). The Court now reviews this request, and finds that Objector's motion should be denied.

Objectors may be entitled to an award of attorneys' fees and costs if their work "produced a beneficial result for the class." Fed. R. Civ. P. 23, Committee Notes to Subdivision (h); *accord In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 753 (S.D. Ohio 2008) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003)). Objector Privacy Rights Clearinghouse ("PRC") contends that it assisted the Court and benefitted the Class by (1) pursuing and participating in confirmatory discovery, (2) forcing Co-Lead Settlement Class Counsel to justify the terms of the settlement, and (3) highlighting the inadequacy of the first proposed notice plan. The PRC seeks $481,060.25 in attorneys' fees and $14,574.99 in costs.

First, the PRC argues that, in response to the PRC's request, the Court ordered Settling Parties to share confirmatory discovery with all counsel. This confirmatory discovery helped "in clarifying the scope and size of the Class." PRC Motion, Docket #296, p. 4. The Court notes

that confirmatory discovery already existed as a condition of the proposed settlement. Therefore, although permitting access by all counsel to this discovery was beneficial to the objecting parties, the PRC has failed to demonstrate how this ruling provided any benefit to the Court or the Class. The scope and size of the Class remained virtually the same. The Third Amendment to the Settlement Agreement did not result in a material change to the settlement, but rather served as a clarification by Settling Parties, and there is no evidence that this change was prompted by the PRC. Further, the PRC's efforts did not result in any additional discovery, despite numerous requests.

Next, the PRC believes it played the "role of devil's advocate" by challenging Co-Lead Settlement Class Counsel to identify the fairness, adequacy, and reasonableness of "virtually every term" of the proposed settlement agreement. *See, e.g.*, *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987). Although the Court acknowledges that the PRC filed numerous documents with the Court throughout the course of the settlement process, many of the PRC's objections to the settlement were without merit (i.e., allegations of fraud or collusion) or previously addressed (i.e., the issue of discovery). The Court does not believe that the PRC raised any issues that the Court would not have considered otherwise when addressing the fairness, reasonableness, and adequacy of the settlement.

Finally, the PRC argues that it assisted the Court in highlighting the deficiencies of the original notice plan. Again, the Court, upon reviewing the notice plan itself, already had its own concerns, and does not believe the PRC's input was so beneficial as to warrant an award of attorneys' fees. In addition, the amount of attorneys' fees requested appears grossly disproportionate to any benefit attained by the Class.

Unfortunately, too much of the controversy in many class action litigations seems to center on the issue of attorneys' fees. The dispute of who should be lead counsel and often the adequacy and fairness of the proposed settlement finds its genesis on which group of attorneys will eventually collect the largest fee. In addition, in some cases a cottage industry has developed of professional objectors, where again the emphasis or at least the primary motivation is attorneys' fees. The Court does not mean to imply that to be the situation in this case. However, the argument and request that essentially involve attorneys' fees often do not paint a pretty picture. In this case, the denial of fees is based on the fact that the Court initially considered and made all its decisions in this matter irrespective of any argument the PRC may have made. The decision was considered before any argument of the PRC. There was no cause and effect between the decisions of this case and the action of the PRC, even if at times it coincided with some of the PRC's suggestions.

For the foregoing reasons, IT IS HEREBY ORDERED that Objector PRC's Motion for Attorneys' Fees and Costs is DENIED.