Darrell Palmer (CA SBN 125147)
Law Offices of Darrell Palmer
603 North Highway 101. Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email: darrell.palmer@cox.net

David P. Schafer (Texas SB# 00797865 PHV App Pending)
Law Offices of David P. Schafer
7800 IH-10 West, Suite 830
San Antonio, TX 78230
Telephone: (210) 348-0500
Facsimile: (210) 348-0520
Email: david@helpingtexas.com

Counsel for Objector Daniel M. Schafer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RDORIGUEZ, et al. on behalf of themselves and all persons similarly situated,<br><br>       Plaintiffs,<br><br>   vs.<br><br>WEST PUBLISHING CORPORATION, et al.,<br><br>       Defendants.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 05-3222 R(MCx)<br><br>**OBJECTION OF DANIEL SCHAFER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date: June 18, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 8<br>Judge: Hon. Manuel J. Real |

**OBJECTIONS AND NOTICE OF INTENT TO APPEAR:**

COMES NOW unnamed class member and Objector, Daniel M. Schafer ("Schafer" or "Objector"), by and through his counsel of record, and hereby objects to the proposed settlement in this case. The following objections are put forth pursuant to FRCP 23 and in compliance with the right to object as listed in the Notice of Proposed Settlement of Class Action and Hearing Regarding Settlement. The Objector was made aware of this class settlement through review of the summary legal notice mailed to him.

1

The Notice referred Schafer to a website, www.barbri-classaction.com, for further information on the proposed settlement. The certified class is defined as follows:

All persons who purchased a bar review course from BAR/BRI anywhere in the United States anytime from August 1, 1997 through July 31, 2006 (the "Class").

Schafer is a class member based upon the class definition.

Schafer received the original notice wherein he was informed that litigation was ongoing and the subsequent notice wherein he was informed of the proposed settlement presumably Schafer would not have been sent two separate notices if he were not a class member. Additionally, Schafer submits herewith his affidavit in support of his contention that he is a class member . (See Affidavit of Daniel M. Schafer attached as Exhibit A, and a copy of Schafer's Summer 2005 BAR/BRI bar review confirmation and receipt as attached as Exhibit B).

Objector reserves the right to revise, explain, supplement, and/or withdraw any and all objections asserted herein at the settlement hearing and call witnesses and/or present any other additional evidence if necessary. Based upon the descriptions in the Notice, the Stipulation and Settlement Agreement, Class Counsel's Notice of Motion and Motion for Award of Attorney's Fees and Reimbursement of Expenses, and Plaintiffs' Notice of Motion and Motion for Incentive Awards to Class Plaintiffs, Objector is able to formulate and make the following objections to the class settlement. The objector files these objections, as an unnamed class member, and serves the following objections on behalf of himself and all other unnamed class members:

## OBJECTIONS TO PROPOSED SETTLEMENT AGREEMENT

The proposed class settlement is intended to benefit all settlement class members consistent with Federal Rules of Civil Procedure Rule 23 and all other applicable law. Rule 23(e) clearly states, "A class action shall not be dismissed or compromised without the approval of the court." Further, it is well settled that the burden of proving the fairness of a class action settlement is on the settling parties. See In re General Motors

Corp. Engine Interchange Litig., 594 F. 2d 1106, 1126 n.30; In re Matzo Food Products Litig., 156 F.R.D. 600, 605 (D.N.J. 1994).

The court's duty is to protect absent class members by assuring the settlement represents adequate compensation. In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 254, see also, In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 805 (3d Cir. 1995), and generally, Strong v. BellSouth Telcoms., 137 F.3d 844. This protection of silent class members has been further endorsed by the Supreme Court who held that to allow a few to decide the fate of many can only meet the constitutional requirement of due process if some protections were afforded to the absent plaintiffs and the system was so devised to insure "full and fair consideration of the common issue." Hansberry v. Lee, 311 U.S. 34, 42-43. This responsibility is further enhanced by Federal Rules of Civil Procedure Rule 23(a)(4), which makes class actions maintainable only if the representative parties will fairly and adequately protect the interests of the class. Rule 23(d)(2) also allows the court to make appropriate orders for the protection of the member of the class. These two sections of Rule 23 clearly intimate the rules' intent to protect all members of the class. This fiduciary responsibility of the court in a class settlement is widely recognized by courts and legal commentators. In re Corrugated Container Antitrust Litig., 643 F.2d 195, 225 (5th Cir. 1981), cert. denied, 456 U.S. 998 (1982); Piambino v. Bailey, 610 F.2d 1306, 1327 (5th Cir.), cert. denied, 449 U.S. 1011, 66 L. Ed. 2d 468, 101 S. Ct. 566 (1980); 2 NEWBERG & CONTE. § 11.41, at 11-93 to 11-94.

Rule 23(e)(1)(C) states, "The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate. It is "imperative" for trial courts to conduct a "careful inquiry" into the fairness of a proposed class settlement, because of the risk of a collusive settlement. Mars Steel v. Continental VII. Nat. Bank & Trust, 834 F. 2d 677, 682 (7th Cir. 1987), See also Amchem, 117 S. Ct.

3

at 2248 (the rights of absent class members must be "the dominant concern" of the court, especially in the settlement context).

1.   **The Notice fails to provide sufficient information to determine if all aspects of the Settlement are fair, adequate and reasonable.**

The Notice of settlement fails to provide class members with sufficient information to determine a minimum benefit provided.  Without the disclosure of a specific settlement value made available to an individual class member or, at minimum, a range of possible benefits, a class member cannot determine the fairness of a settlement.  While Schafer is able to determine that his recovery will not exceed approximately $600.00, he is not informed the size of the class so that he can approximate his minimum recovery under the settlement.

Section V. of the notice mailed to the class also omits an important requirement contained in Paragraph 42 of the actual 31 page proposed settlement; to wit: the requirement that objectors provide evidence of class membership.  Therefore no objection should be rejected solely because of such lack of proof of class membership.

2.   **The proposed settlement is unfair to class members because it caps individual recoveries at 30 percent the amount paid by the class member in favor of a cy pres fund.**

While class members are not given enough information to determine the likelihood of any portion of the settlement actually going unclaimed, the recovery of individual class members is capped at 30 percent of the amount paid for the course by the class member with any remainder of the settlement fund, after attorneys fees and costs and administrative expenses, going into a cy pres fund.  Although this objector believes in the enormous benefit of cy pres components in class action settlements, the cy pres component of this settlement is not appropriate where each class member is readily identifiable and the size of the overall fund is unlikely to fully compensate the individual class members for their damages.

4

3.     **The requested incentive awards for individual class representatives are grossly excessive.**

The requested incentive awards for the various class representatives are excessive especially when viewed in light of the likely recovery of the unnamed class members from this settlement.  While the Plaintiff's go to great pains to cite a handful of cases which would support such an outrageous request, they fail to differentiate themselves from the majority of class representatives that have performed substantially similar duties and sought only $5,000.00 to $10,000.00 for an incentive award.

4.     **The cy pres award should be limited to instances where class members elect to contribute to the cypress and where class members fail to negotiate the check issued as a result of an accepted claim.**

As discussed herein above the settlement scheme unfairly favors the cy pres fund over unnamed class members.  While it is unclear whether there is any probability of cy pres funds resulting from unclaimed funds, the cy pres should not benefit at the expense of unnamed class members.  Because of the arbitrary cap of 30% this possible scenario is both unfair and unreasonable.  Therefore the cy pres should be limited to instances where class members elect to contribute to the cy pres and where class members fail to negotiate the settlement check issued to them.

5.     **The class members are not given adequate opportunity to opt out of the settlement.**

Pursuant to the initial notice mailed to class members, class members were required to opt out not later than August 13, 2006.  At the time of the initial notice, there was no settlement, and as a result, class members had little information on which to base their decision of whether or not to opt out.  Now that a settlement has been proposed, though Schafer believes critical information is still absent as mentioned herein above, class members are in a much better position to weigh the benefits of whether or not to opt out of the settlement.  To deny the class members the option of opting out of the

5

settlement after a drastic change in the posture of this case is to deny the class members of due process.   Imagine the abuse that could flow from following such a precedent:

At any time during litigation the opposing sides could force unnamed class members to decide whether or not to opt out without giving any real information on which class members could assess the opposing values associated with their decision. Then a settlement could be announced which many class members believe to be inadequate.  The class members would only be left with the right to object and to truly have their voice heard they would have to retain separate counsel to appear on their behalf.  Class members should be noticed and given the option to opt out of the settlement.

## CONCLUSION

Due to the above-referenced deficiencies, the proposed class action settlement, as currently drafted and preliminarily approved, should not be given final approval by the court because it is not fair, adequate, or reasonable.

## NOTICE OF INTENT TO APPEAR

PLEASE TAKE NOTICE that the undersigned attorney for Daniel M. Schafer shall appear before the United States District Court for the Central District of California, for the Fairness Hearing in the above styled cause, or as soon thereafter as counsel may be heard, to present objections to the Proposed Settlement.

In the presentation of his objections, Schafer reserves the right to use any of his filed documents; any of Plaintiff Class Counsel's pleadings, filings, documents or exhibits; any of Defense Counsel's pleadings, filings, documents, or exhibits and any other Objector's pleadings, filings, documents, or exhibits.

WHEREFORE, The following relief is requested:

1.     That the Court withdraw its conditional approval of the proposed settlement.

2.     That the Court enter an appropriate order that will place the class action litigation in the proper posture for vigorous and good faith prosecution of the merits of the claims of the class; and

6

3.     That the Court enter other further orders so as to effect substantial justice to all parties and to the absent class members.

Dated:          May 19, 2007

Darrell Palmer, Attorney for Objector

7

# EXHIBIT A

## AFFIDAVIT OF DANIEL M. SCHAFER

THE STATE OF TEXAS                              §

COUNTY OF BEXAR                                 §

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned Affiant, who, after having been by me duly sworn, on oath, deposes and says:

1. My name is DANIEL M. SCHAFER. I am over eighteen (18) years of age and competent to make this affidavit.
2. I am a class member as defined in the settlement notice.
3. I have attached hereto as Exhibit B a true and correct copy of my Summer 2005 BAR/BRI bar review confirmation and receipt.


_Daniel M. Schafer_
DANIEL M. SCHAFER - AFFIANT

SUBSCRIBED AND SWORN TO, before me, on this the 18 day of
May, 2007.


Notary Public in and for
The State of Texas

LETICIA ESPINOSA
Notary Public, State of Texas
My Commission Expires
September 03, 2008

# EXHIBIT B



June 30, 2005

DANIEL SCHAFER
1140 CREEK KNOLL
SAN ANTONIO TX 78253

| | |
|---|---|
| Student ID #TXS 60211 | |
| Tuition | 5399.00 |
| Refundable Deposit | 125.00 |
| Sales Tax | 37.50 |
| **TOTAL PAID:** | **2307.50** |

### Summer 2005 BAR/BRI bar review course confirmation and receipt

We would like to take this opportunity to wish you good luck on the upcoming Texas bar examination and to thank you for choosing BAR/BRI to prepare your for the exam. If you followed our program, studied hard, attended the lectures and reviewed the materials carefully, we are confident that you will be successful.

Remember that thousands before you have passed the examination and done of them know all the answers. This will probably be particularly true on the Multistate Examination, but keep everything in perspective! Count on seeing some difficult and off-the-wall questions but assuming that your MBE is like its predecessors, you can afford to miss a number of questions and still obtain a passing score. So try to relax as much as possible and write those correct responses on July 26, 27 and 28.

So that we may continue to provide the best bar review course in Texas, please complete the enclosed course evaluation and mail it back to us as soon as possible. We would appreciate your candid comments about our course.

If there is anything we can do to help you before the exam, please call on us. We look forward to seeing your name on the list of newly admitted attorneys.

Very truly yours,

The BAR/BRI Staff

P.S.   Reminder. In order to receive your refundable materials deposit, you must return all seven volumes—Convisor Mini-Review, Multistate, Multistate Performance Test Workbook, Multistate Testing Drills & Released Questions, Multistate Testing Practice Questions, Texas and Texas Testing—by August 26, 2005. Refund checks will be mailed in October.

*Please see the enclosed flyer for book return instructions in your location.*

THOMSON
———
BAR/BRI

1221 Main Street, Suite 200   •   Denver, CO 72893-2097   •   (719) 753-4402   •   (800) 472-8439

Re: RODRIGUEZ ET AL V.WEST PUBLISHING CORP. ET AL
USDC CENTRAL DIST CA Case no. CV-005-3222R(MCx)

## DECLARATION OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, Alison Paul, declare that I am employed with the Law Offices of Darrell Palmer whose address is 603 N. Highway 101, Suite A. Solana Beach, CA 92075. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen (18) and I am not a party to this action.

On May 19, 2007, I served the **OBJECTION OF DANIEL SCHAFER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** on the interested parties:

Class Counsel:
Eliot G. Disner, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Defense Counsel:
Steven F. Molo, Esq.
James P. Tallon, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York NY 10022

Bradley S. Phillips, Esq.
Stuart N. Senator, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles CA 90071

by placing a copy in a separate envelope, with postage fully prepaid, for each address named above, into a US Postal Service depository on this day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Solana Beach, California.

/s/

DECLARATION OF SERVICE
1



Darrell Palmer (SBN 125147)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email: darrell.palmer@cox.net

Kenneth E. Nelson (MO SB# 31993 PHV App pending)
Nelson Law Firm, P.C.
2900 City Center Square
1100 Main Street
Kansas City, MO 64105
Telephone: (816) 421-7225
Facsimile: (816) 421-3339
Email: kennelson@mclaw.com

Counsel for Objector Evans & Mullinix, P.A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RYAN RDORIGUEZ, et al. on behalf of
themselves and all persons similarly
situated,

           Plaintiffs,

    vs.

WEST PUBLISHING CORPORATION,
et al.,

          Defendants.

AND CONSOLIDATED ACTIONS

Case No.  CV 05-3222 R(Mcx)

**OBJECTION OF EVANS &
MULLINIX, P.A. TO PROPOSED
SETTLEMENT AND NOTICE OF
INTENT TO APPEAR**

Date:  June 18, 2007
Time:  10:00 a.m.
Place:  Courtroom 8
Judge:  Hon. Manuel J. Real

### OBJECTIONS AND NOTICE OF INTENT TO APPEAR:

COMES NOW, Evans & Mullinix, P.A. ("Objector") Class Member to this action,
by and through his undersigned counsel, and hereby files these Objections to the
Proposed Class Action Settlement, gives notice of its counsel's intent to appear at the

1

June 18, 2007 fairness hearing, and requests award of an incentive fee for serving as a named class member. In support of its objections, this Objector states as follows:[1]

# I.   SUMMARY OF OBJECTIONS AND PROPOSED SOLUTIONS

## A.   Specific Objections

For the following reasons, inter alia, the Stipulation and Settlement Agreement ("Agreement") is not fair, reasonable and adequate.

1. No timetable or incentive exists to establish that Claims Administrator will complete processing of Claims promptly and properly.

2. No oversight or incentive exists to establish that Class Counsel will be available to assure that claims will be processed promptly and properly.

3. No oversight or incentive exists to establish that Class Counsel will be available to assure the Class Distribution Order will be administered so relief delivered promptly and properly.

4. The $13,570,000 fee[2] is excessive, and must be reduced to a reasonable level which is appropriate for an action of this size and type.

## B.   Simple Solutions Can Correct the Problems.

Before the Settlement can be found to be fair, reasonable, and adequate, it must incorporate certain changes:

1. As a condition of being fully paid, the Claims Administrator must be bound to complete the processing within a specified and reasonable time. The Claims Administrator must have financial incentives to process claims and distribute relief promptly and properly. At least 20% of the Claims Administrator's fees must be withheld

---

[1] A Claim Form, signed by Richard C. Wallace, president of Evans & Mullinix, P.A., a Kansas professional association which purchased a bar review course for Matthew Dykstra, and showing proof of membership of Objector in the Class, is attached as Exhibit A and incorporated herein.

[2] The Agreement, at 17-18, identifies the fee amount as no more than 25% of the Gross Settlement Amount, which is defined on pp. 5 and 7 as $49,000,000.

2

pending Court approval of a report showing completion of the Claims review process. Another 20% must be withheld until all relief is distributed.

2.  Class Counsel must be paid some of the fee soon after the Effective Date. However, some of the Class Counsel's fee must be withheld pending completion of its work in assisting the Claims Administrator (as provided on pp. 14-17 of the Agreement) in developing a proposed Class Distribution Order. Attorneys cannot be paid fully when work remains to be done. At least 20% of the Class Counsel's fees must be withheld pending completion of the Claims review process.

3.  Part of the Class Counsel's fee must be withheld in escrow and at interest until a report is approved by the Court finding that all relief was delivered as promised. Attorneys cannot be paid fully before their clients are paid. At least 20% of the Class Counsel's fees must be withheld pending completion of the relief distribution. Class Counsel should get the full benefit of the Settlement only when Class Members receive their benefit.

4.  Award a reduced amount of attorney fees which is more reasonable in light of the amount of work done and the benefit provided.

## C.  Changes are Necessary for Settlement to be Fair

The impact of these changes will be minimal upon the Settlement's substantive terms, such as the amount of relief and the type of relief, and thus would not require additional notice or a separate fairness hearing to be accommodated. However, these changes are critical for assuring the Settlement will work as promised. If the Defendants and Class Counsel are unwilling to implement these procedural changes, their refusal is strong evidence that they believe the Settlement won't work. If the Defendants and Class Counsel do not believe the Settlement will work, then it cannot be approved. After all, a Settlement is not fair, reasonable and adequate if Defendants obtain a complete release, and if Class Counsel are fully paid, but Class Members do not receive all of the promised relief.

3

As described in detail below, these kinds of changes have been incorporated into other class action settlements upon the recommendations of objectors. The changes resulted in substantial benefit to class members without delaying or interfering with basic settlement terms. In this case, the Agreement could be implemented within the same time and cost parameters which presently are contemplated, i.e., the changes cost no substantial time or money -- even though they are absolutely essential to making the Settlement fair, reasonable and adequate.

## II.    SUMMARY OF RELIEF

Immediately after Court approval of the Agreement, and upon resolving all appeals, Class Counsel would be paid fully -- more than $13,455,000 in fees and expenses within five days of the Effective Date. Class members must file claim forms by September 17, 2007 to be eligible for relief. The Claims Administrator would review claims. No schedule for completing review is established in the Agreement. The Agreement does not establish any financial incentive for assuring the Claims Administrator will process the claims promptly, accurately and completely.

Claims which are approved would be eligible for a pro rata share of the Net Settlement Fund upon entry by the Court of a Class Distribution Order. A proposed Class Distribution Order would be submitted to the Court by Class Counsel. Defendants agree to cooperate with the Administrator during the claims evaluation process. Thus, if the Agreement were approved, work would remain for both Class Counsel and Defendants thereafter.

Upon entry of the Class Distribution Order, relief worth about $35,430,000[3] would be distributed. No schedule for completing distribution of relief is established in the

_____

[3] The relief is what is left after the Gross Settlement Amount of $49,000,000 is reduced by the $13,570,000 attorney fee, $1,205,000 expenses, and five incentive awards of $25,000 each. Other "injunctive relief," regarding changes in how Defendants conduct business, also is included. Although admirable for the future, such relief is worthless to the Class Members, who already have paid unfairly high fees for bar review classes.

4

Agreement. The Agreement does not establish any financial incentive assuring the Claims Administrator will distribute the relief promptly, accurately and completely. The Agreement also does not establish any financial incentive for assuring that Class Counsel will oversee whether the relief is distributed promptly, accurately and completely. The Agreement does not require Class Counsel to report to the Court when the distribution is complete.

Overall, there is no way to assure that claims will be processed within any predictable timeframe. The process could take days, months, or years. Likewise, there is no way to assure when and how relief will be distributed according to the Class Distribution Order. The process could be days, months, or years. No mechanism -- certainly not a financial incentive -- to assure that all of the Defendants, Class Counsel and Claims Administrator perform their critical functions in a timely, accurate and complete manner. Even the best settlement would be inadequate if there is no way to demonstrate it will work, and to prove afterward that it performed as promised. The Claims Administrator and Class Counsel must be paid, but progress payments must be staged according to the amount of work which is done.

**III.    Cases in Which Similar Objections Were Resolved with Similar Solutions**

    **A.    Fees Must Be Paid in Installments.**

Class Counsel must be paid soon for the considerable amount of hard work already done. However Class Counsel should not be paid immediately for doing the work that remains to be done. To assure the Class, the Court, and the public that relief is being delivered accurately, completely and on time, fee payments must be staggered. The concept has worked well in many class actions to maintain the integrity of settlement administration.

Judge Fernando Gaitan reacted to a similar suggestion by objectors in In re Wireless Telephone Federal Cost Recovery Fees Litigation, MDL 1559 (W.D. Mo. April 20, 2004), aff'd on other grounds, 922 F.3d 922 (8th Cir. 2005) ("the Nextel case,") when he directed the parties to respond to an objector's argument that fees must be staged,

rather than paid in a lump sum. The settling parties responded by amending the proposed agreement to provide 75% upon final approval of the settlement, and 25% upon completion of all post-settlement obligations.

This common-sense concept has applied successfully in many other class actions. In Richard Duhaime v. John Hancock Mutual Life Insurance Company, et al., 177 F.R.D. 54 (D.Mass 1997), the federal court withheld 40% of the contemplated fee for a year so the court could review the quality of representation provided by Lead Counsel and the results achieved for the class. Similarly, in Ace Seat Cover Co., Inc., et al. v. The Pacific Life Insurance Company, Case No. 97-CI-00648 (Kenton Cir. Ct. Ky., Nov. 19, 1998), the court ordered 20% of the fees withheld until completion of the settlement agreement. In In re: Prudential Ins. Co. of Am. Sales Practices Litig., 962 F.Supp. 450 (D.N.J. 1997), aff'd re class certification and settlement but vacated and remanded re attorneys fees, 148 F.3d 283 (3d Cir. 1998), the court ultimately ordered that 50% of the attorney's fees be withheld. Likewise, as recently as April 12, 2007, in In Re: PNC Financial Services Group, Inc. Securities Litigation, Case No. 2:02-cv-00271-DSC (U.S.D.C. W.D. Pa. W.D. filed April 17, 2007), Judge Cercone ordered part of the class counsel's fee withheld at interest pending entry of an order of distribution. As noted in the order, at page 11, the change had been suggested by an objector in that case.

By staggering the fees, Class Counsel can be paid for work that has been done. But Class Counsel cannot get the full benefit of the Settlement until their clients, the Class Members, get the full benefit of the Settlement. Basic, prudent business practices dictate that people should not be paid fully until the job is done completely.

B.  **Oversight Necessary to Assure Relief is Delivered by Claims Administrator.**

For the reasons described in the cases above, and to demonstrate the integrity of the Agreement administration, payments to the Claims Administrator must be staggered to show the Class, the Court and the public that the Agreement is being administered promptly, correctly and completely. The Court must maintain jurisdiction, and at least

6

minimal oversight, to assure that the Settlement is implemented as promised. When the final report is delivered, the Court can order payment of the last attorney fee payment and can make the Defendants' release final.

C.   Monitoring and Reporting Required.

To have any credibility, the Agreement must require reports to establish that it is performing as promised. The reports must be delivered to the Court so they are available to the public, including Class Members. Progress and results must be a condition of awarding benefits to the Defendants (the Release) and Class Counsel (attorney fees) because a Settlement that benefits only Defendants and Class Counsel, but not Class members, is not fair, reasonable or adequate. The reports need not be elaborate, but must show what efforts and results have occurred in notifying Class Members, obtaining Option Forms, and distributing relief.

In the Nextel case, Judge Gaitan directed the parties to address the objectors' concerns about administration oversight and reporting. The parties submitted a joint response to the court's order, agreeing to modify their settlement agreement to accommodate the objectors' concerns. For instance, their settlement agreement was changed to provide:

> Further, Class Counsel shall file a report with the Court setting forth the results of the discovery regarding Defendants' provision of benefits to class members, together with supporting information showing its compliance with the Settlement Agreement, within fifteen (15) days following the completion of discovery. Once the Court is satisfied with Defendants' and Class Counsel's performance under the Settlement Agreement, the Court shall authorize and direct Defendants to pay the final twenty-five percent (25%) of the attorneys' fees due Class Counsel as set forth in Paragraph 13.

7

1   Upon approving the modified settlement, Judge Gaitan awarded attorneys fees to

2   Class Counsel.[4]

3   ### D.   Fee Must Be Reduced.

4   The agreed fee of 25% is unfairly large in light of the amount of work done and

5   benefit conferred.  The fairness of the award must be considered in light of the lodestar

6   and multiplier, and the difficulty of the work involved.  In this instance, hard work on a

7   related settlement paved the way for this Settlement, as demonstrated by the dependence

8   of this Settlement upon implementation of separately negotiated agreements. The

9   unusually high percentage, in view of how much of the work was done, would allow an

10  unfair windfall to Class Counsel.

11  ### E.   Adoption of all other objections

12  Objector adopts all well-taken, good-faith objections filed by other class members

13  in this case and incorporates them by reference as if they appeared in full herein.

14  ## IV.   OBJECTORS' VALUE TO CLASS-ACTION PROCESS.

15  In their zeal to win approval of an agreement, professional class counsel and

16  professional defense counsel often overlook or deny the importance of objectors to the

17  class-action process.  Indeed, professional class counsel and professional defense counsel

18  may even denounce objectors' counsel as "serial objectors," or use some other pejorative

19  epithet.[5]  However, settlements, such as this one, can be so complicated that only lawyers

20  who have participated in many class action lawsuits[6] can provide insightful and useful

21  analysis, thoughtful alternatives, and a context within which to identify flaws or

22  

23  [4] In the Nextel case, Judge Gaitan awarded to class counsel $2,500,000 (which is 1.2% of the class

24  recovery) in response to a request for $3,500,000 (1.7% of the class recovery.) The remaining
    $1,000,000 was awarded to objectors who made contributions to improving the settlement.

25  [5] Such ad hominem attacks can be presumed to arise when legitimate, persuasive and substantial

26  responses to the merits of the objections are unavailable.

27  [6] Note that Class Counsel lawyers rely heavy on their own experience in class actions in their

28  Memorandum in Support of Final Approval of Class action Settlement, p. 20, and their Motion for
    Award of Attorneys' Fees, p. 17.

oversights in a settlement, and thereby assist a court in fulfilling its duty to examine the settlement as an independent and impartial neutral.

Thus, objectors provide great value to the class action process. Without resolving the issues described above, the Settlement could become a complete sham and no one would be the wiser. The judicial system would have failed Class Members by requiring no mechanism for assuring that the agreed relief ever is received by the persons who should benefit. The foregoing observations are submitted to improve the Settlement, and thereafter to guarantee it will work, and to show when and how well it is completed. These improvements are developed only now because objectors offer the last opportunity to preserve the adversary process which is necessary to test the fairness of a proposed settlement.

"It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally. . . . It is impossible for a class to select, retain or monitor its lawyers as an individual client would." Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P., 212 F.R.D. 400, 412 (E.D. Wis. 2002). "Class counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement." Id. "Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative." Id.

"Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally." Great Neck, 212 F.R.D. at 412. "From conflicting points of view come clearer thinking." Id. at 412-13. "Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service." Id. at 413.

The value of objectors is even acknowledged by attorney Melvyn Weiss, one of the nation's most well-known class action attorneys, of the firm now known as Milberg Weiss & Bershad LLP: "Objectors are part of the class action system and, though they may be irritating from time to time, the system's been working effectively. If objectors

9

can come in and negotiate a benefit, that's great.  I'm not going to criticize one of the safeguards [of the class action process].  The objectors act as a check and balance to the whole procedure."  See, "Objectors to class action settlements:  Watchdogs or scum of the earth?" by Joe Frey, Insure.com website, March 23, 2000.

"The law generally does not allow good Samaritans to claim a legally enforceable reward for their deeds."  Reynolds v. Beneficial Nat. Bank, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, C.J.).  "But when professionals render valuable albeit not bargained-for services in circumstances in which high transaction costs prevent negotiation and voluntary agreement, the law does allow them to claim a reasonable professional fee from the recipient of their services."  Id.  "That is the situation of objectors to a class action settlement."  Id.

In other cases, objectors' counsel have been recognized where their efforts have augmented the common fund or otherwise improved a class action settlement.  See, e.g., Bowling v. Pfizer, Inc., 922 F.Supp. 1261, 1285 (S.D. Ohio), aff'd, 102 F.3d 777 (6th Cir. 1996); In re Domestic Air Transp. Antitrust Litig., 148 F.R.D. 257, 359-60 (N.D.Ga. 1993).  Indeed, even in cases where objectors appeared but the settlement terms were not altered, courts have recognized their value in that their presence improved the process and assisted the court in its scrutiny of the settlement.  See County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1325-27 (2d Cir. 1990); Howes v. Atkins, 668 F.Supp. 1021, 1027 (E.D.Ky. 1987); Frankenstein v. McCrory Corp., 425 F.Supp. 762, 767 (S.D.N.Y. 1977); see also Domestic Air, 148 F.R.D. at 359.  In Re: PNC Financial Services Group, Inc. Securities Litigation, Case No. 2:02-cv-00271-DSC (U.S.D.C. W.D. Pa. W.D.), decided last month on April 12, 2007, Judge Cercone made a specific finding "in recognition of the benefit to the Class created by the objection and the time spent thereon by Objector's Counsel . . ." and thereby awarded compensation to Objector's counsel.

Accordingly, Objector wishes to reserve the right to apply for reasonable and appropriate compensation for the valuable and crucially important services which have

been provided in assisting the Court with this complex matter, preserving the adversary process needed to test the Proposed Settlement, identifying problems with the Proposed Settlement, and presenting substantial and workable solutions.

Just as objectors' counsel should be encouraged to assist the class-action process, so should individual class members be encouraged to participate. Accordingly, an incentive award is appropriate for Objector herein for its willingness to be a named party, promoting fairness, and contributing to the common welfare of the Class.

## V.   CONCLUSION

This Objector hereby adopts, subscribes to and incorporates into these Preliminary Objections all other well-taken, timely filed objections. This Objector also requests an incentive award as a representative of Class Members in this litigation.

WHEREFORE, This Objector respectfully requests that this Court:

A.   Upon proper hearing, sustain these Objections;

B.   Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

C.   Award an incentive fee to this Objector for its service as a named representative of Class Members in this litigation.

Dated        May 19, 2007

DARRELL PALMER
Attorney for Objector, Evans & Mullinix, P.A.

11

EXHIBIT A

Rodriguez, et al. v. West Publishing Corp., et al.

Official Use Only

RESPONSE DUE DATE
*Postmarked No Later
Than
SEPTEMBER 17, 2007*

# CLAIM FORM

‖‖‖‖‖‖‖‖‖‖‖‖
B A F 6

If you are a member of the Class, as defined below, then, in order to receive a distribution you must return this form, *POSTMARKED no later than September 17, 2007,*[1] to the following address:

BAR/BRI Claims Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24639
West Palm Beach, FL 33416

#### Do not submit your claim to the Court.

Pursuant to Court Order, this is a Claim Form which must be properly and timely filled out, signed, and returned in order for you to receive any payment as a result of the Settlement of *Rodriguez, et al. v. West Publishing Corp., et al.* Pursuant to the Settlement, members of the Class are entitled to receive a payment. The Class consists of:

**All persons who purchased a bar review course from BAR/BRI in the United States from August 1, 1997 through July 31, 2006 who did not request to be excluded from the Class on or before August 13, 2006.**

The completed Claim Form and any information submitted with it are confidential and will be used only for purposes of administering the Settlement. No other Class Member will see this information.

THE INFORMATION YOU PROVIDE ON THIS CLAIM FORM WILL BE USED TO CALCULATE THE AMOUNT OF PAYMENT DUE YOU PURSUANT TO THE SETTLEMENT AND THE PLAN OF ALLOCATION, AS APPROVED BY THE COURT. FOR MORE INFORMATION REGARDING THE SETTLEMENT AND PLAN OF ALLOCATION OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS CLAIM FORM, WRITE TO, CALL, OR GO ON-LINE AT:

BAR/BRI Claims Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24639
West Palm Beach, FL 33416
888-285-7850
www.barbri-classaction.com

### DO NOT CONTACT THE COURT

### IF YOU HAVE QUESTIONS CONCERNING THIS CLAIM FORM

---

[1] No distribution will be made until: (i) the time for submission of claim forms has expired and all Authorized Claims have been processed; (ii) the Settlement becomes final as set forth in paragraph 61 of the Settlement Agreement; and (iii) the Court has entered the Class Distribution Order as set forth in the Proposed Plan of Allocation.

## SECTION A – CLAIMANT INFORMATION

EVANS + Mullinix - Matt Dykstra
Class Member's Name

7225 Renner                     Suite 200
Street Address                  Floor/Suite

Shawnee          Ks.                    66217
City             State                  Zip Code

913-962-8700     MPD@EVANS-Mullinix.CoM
Telephone Number    E-Mail Address

## SECTION B – INFORMATION NECESSARY TO CALCULATE PAYMENT

In the table below, fill in the date, location, and the amount you paid for each bar review course you purchased from BAR/BRI between August 1, 1997 and July 31, 2006. If you paid for the course for your own use, write "Self" in the box labeled "This Bar Review Course Was Purchased For." If you paid for the bar review course on behalf of a third-party – e.g., an employee – write the full name of the person(s) on whose behalf you purchased the course. For example, if you paid BAR/BRI $1,000 for a course to prepare yourself for the July 2003 South Carolina bar exam, the first box would read "July 2003," the second box would read "South Carolina," the third box would read "$1,000," and the final box would read "Self." If you do not know the amount you paid BAR/BRI for the bar review course, please contact the Claims Administrator at 888-285-7850.

| DATE OF BAR EXAM FOR WHICH YOU PURCHASED BAR REVIEW COURSE | STATE OF BAR EXAM FOR WHICH YOU PURCHASED BAR REVIEW COURSE | AMOUNT PAID FOR BAR REVIEW COURSE | THIS BAR REVIEW COURSE WAS PURCHASED FOR: |
|---|---|---|---|
| July 2005 | Kansas | $1874 | Matt Dykstra |
| | | | |

You may donate the entire payment you would receive as a result of submitting this Claim Form to the National Legal Aid and Defender Association ("NLADA") for the purpose of providing training opportunities for young lawyers nationwide. NLADA, founded in 1911, is the oldest and largest national, nonprofit membership organization devoting all of its resources to advocating equal access to justice for all people.

☐    Please check here if you wish to choose this option (in which case the payment will be sent directly to NLADA).

As a member of the Class, you will be subject to and bound by the terms of the Release contained in the Settlement Agreement and Final Judgment, which provides that:

In addition to the preclusive effect of any final judgment entered in accordance with this Settlement, upon this Settlement becoming final, the Released Parties shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any member of the Class

(including any of their past, present or future officers, directors, agents, employees, legal representatives, trustees, parents, associates, affiliates, licensees, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns), whether or not he, she or it objects to the settlement and whether or not he, she or it makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have concerning or relating to any conduct alleged in the Complaint in this Action, and including without limitation all claims that have been asserted or could have been asserted in any litigation against the Released Parties or any of them for any conduct alleged in the Complaint in this Action (collectively with all claims referenced in the next paragraph, the "Released Claims").

In addition to the release of claims as specified in the preceding paragraph, upon this Settlement becoming final, each member of the Class, will be deemed to have waived and released any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

**Section 1542. Certain Claims not Affected by General Release.** A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each member of the Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of the preceding paragraph, but each member of the Class waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of the preceding paragraph, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

I acknowledge reading the release specified above and certify under penalty of perjury that the information provided above is true and correct and that the submission of false information may subject me to civil and/or criminal penalties.

Signature: _Richard C Wallace_      Date: _5/16/07_

Print Name and, if applicable, Title: _President, Evans & Mullinix_

This Claim Form must be signed by the Class Member or his, her or its authorized representative.

Re: RODRIGUEZ ET AL V. WEST PUBLISHING CORP. ET AL
USDC CENTRAL DIST CA Case no. CV-005-3222R(MCx)

## DECLARATION OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, Alison Paul, declare that I am employed with the Law Offices of Darrell Palmer whose address is 603 N. Highway 101, Suite A. Solana Beach, CA 92075. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen (18) and I am not a party to this action.

On May 19, 2007, I served the **OBJECTION OF DANIEL SCHAFER TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** on the interested parties:

Class Counsel:
Eliot G. Disner, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Defense Counsel:
Steven F. Molo, Esq.
James P. Tallon, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York NY 10022

Bradley S. Phillips, Esq.
Stuart N. Senator, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles CA 90071

by placing a copy in a separate envelope, with postage fully prepaid, for each address named above, into a US Postal Service depository on this day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Solana Beach, California.

/s/