UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORPORATION SECURITY BREACH LITIGATION | Case No.: 3:08-MD-01998<br>MDL NO. 1998<br><br>OBJECTION TO PLAINTIFFS' MOTION REQUIRING OBJECTOR/APPELLANT TO POST A BOND<br><br>Honorable Thomas B. Russell<br>U. S. District Judge |

**OBJECTOR PATRICK BAKER'S OPPOSITION
TO PLAINTIFFS' MOTION REQUIRING
<u>OBJECTOR/APPELLANT TO POST A BOND</u>**

COMES NOW Objector, Patrick Baker ("Baker"), and files this Response in Opposition to Plaintiffs' Motion Requiring the Objector to Post a Bond.

A.   <u>Supposed Grounds for a Cost Bond</u>

The basis of Class Plaintiffs' argument to require the posting of a bond is that the appeals being filed are without merit and are being filed by serial or professional objectors.

<u>RESPONSE</u>

Class Plaintiffs sought a class definition that incorporated Baker into the class. Class Plaintiffs based their application for incentive awards and their attorneys' fees on the supposed "benefits" conferred upon the class which included Baker. After shaping the class to include Baker, they cannot now be heard to complain of objectors inclusion in the action, or any hardship their inclusion might cause.

(1)     The Court rejected Baker's objections and, in the eyes of the Class Counsel, Baker, as well as his counsel, and every other objector and their counsel are "Professional Objectors' whose appeal is without merit."

(2)     Baker objected to the settlement because, among other grounds:

    (a)     the lack of adequate notice;

    (b)     the lack of benefits to the class and the plan of allocation; and

    (c)     the amount of attorneys' fees.

The argument that the appeal is frivolous because the Court overruled the objections[1] and approved the settlement is nonsensical. If the Court had not overruled the objections, there would be no appeal.

Baker was not alone in his assessment that the settlement was not fair, reasonable or adequate and attorneys' fees were excessive. The Court, in its Opinion and Judgment, addressed the questions raised by the objectors.

    B.     <u>Class Counsel's Motion Is Inappropriate</u>

Class Plaintiffs may obtain a bond for anticipated costs under Rule 7 FRAP, but those costs are limited to those set forth in Rule 39 FRAP. The $25,000 sought from Baker and a total bond of $160,000 sought by class counsel is not conservative and is not for costs but to deter appeals. Class Plaintiffs' claimed bond costs items are not bondable on appeal under the facts of this case. Under Rule 7 FRAP, a bond cannot include attorneys' fees or administrative costs. Objectors/Appellants' objections to the settlement and Class Counsel's attorneys' fees and their

---

[1] There were 89 objections filed in this matter.

appeal from the order overruling their objections to the settlement and Class Counsel's fees, are facially not frivolous and their appeal is highly unlikely to be declared so by the appellate panel.

It is clear that Class Counsel is seeking a $25,000 bond from Baker and a total bond of $160,000 in an attempt to stifle objectors' appeal from this Court's approval of the settlement and their attorneys' fees. That is not a proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP.

C.   Neither the Objections to Attorneys' Fees or the Appeals Are Frivolous

The overarching theme of Class Plaintiffs' request for a total bond of $160,000 bond in this case is that Objectors/Appellants' objection to the settlement and Class Counsel's fees are frivolous, and that Objectors/Appellants' counsel are "professional objectors" who pursue objections for improper purposes. The allegation is made that by filing appeals, the objectors hope to receive fees but it goes without saying that Class Counsel can simply refuse and allow the appeal to be decided by an appellate court. Nor has class counsel pointed to any case where Baker and his counsel did not pay costs following an appeal.

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable people often differ on this issue. 28 U.S.C. Section 1927 which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel." Although the imposition of attorney's fees on appeal as a sanction is allowed under rule 38 FRAP, it is only available after the appeals court find the appeal frivolous, and only upon further motion and hearing. See *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993) citing *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985).

   D.  Bondable Costs Do Not Include Additional Administrative Expenses, Delay in Distribution or Attorney's Fees

Apart from their claim that frivolity of the appeal supports a bond for attorneys' fees, Class Plaintiffs suggest that this Court has the authority to include prospective attorneys' fees as items of Rule 7 FRAP costs. In fact, the majority rule among circuit courts, endorsed by the Second, Sixth, Ninth and Eleventh Circuits, is that a district court may include attorney's fees in a rule 7 Bond, but only if those attorney's fees would be considered recoverable costs under an applicable fee shifting statute. See *Azizian*, 499 F.3d at 958.

The bond that Class Plaintiffs seek is simply not permitted by Rule 7 FRAP where a court's discretion is limited to costs available under rule 39 FRAP. Class Plaintiffs have made no showing that these appellate costs cause by the Objectors/Appellants will be anywhere near $160,000 that is sought. Costs recoverable under Rule 39 FRAP for an appellee and thus allowed to be included in a Rule 7 FRAP appeal bond are the 'necessary copies of a brief or appendix," "preparation and transmission of the record," and "the reporter's transcript."

The Plaintiffs have no grounds to insinuate that an appeal by Baker, or indeed any of the other appeals, is in bad faith. The attempt to require objectors to each post a bond in varying

amounts is nothing but a thinly disguised attempt to deny class members their rights to have the settlement reviewed.

Plaintiffs are incorrect that there is no good faith basis for appealing the court's order approving settlement. An appeal should be decided by the appellate court and to the extent that an appellate court finds an appeal is "frivolous," the remedy is a motion in the appellate court under Rule 38 FRAP and/or a Rule 27 FRAP motion to summarily dismiss an appeal, not a district court order issuing a punitive appeal bond.

Plaintiffs' only basis for the bond amount is other reported district court opinions that are based on facts specific to those appeals. The proposed amount is excessive under Rule 7 FRAP. By failing to present any evidence of actual marginal appellate costs in their motion, Plaintiffs have waived the issue.

  E. <u>Other Responses</u>

Baker hereby adopts and incorporates herein the responses found in the Opposition to Motion for Bond filed by other objectors herein.

CONCLUSION

There is no basis for the posting of a bond. Patrick Baker is not a "professional objector." The appeal is based upon good faith and founded on precedent. In fact, the motion to require a bond is itself so baseless as to be grounds for sanctions. The Objector Baker prays that Class Plaintiffs' motion be denied.

RELIEF

Objector Baker requests the Court to deny the Motion of Plaintiffs Requiring the Objector to Post a Bond.

        Respectfully submitted,

        _____/S/ Kenneth J. Henry_____
Kenneth James Henry
Pedley Gordinier
455 S. Fourth Street
Suite 1484, Starks Building
Louisville, KY  40202
502.214.3120


        _____/S/ Thomas L. Cox, Jr._____
Thomas L. Cox, Jr.
*Pro Hac Vice*
4934 Tremont
Dallas, TX  75214
469.531.3313  FAX:  214.855-7878
tcox009.yahoo.com

<u>Proof of Service</u>

  I hereby certify that this document was filed by paper filing. Notice of Electronic Filing (NEF) will be generated by the court and sent by email to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service.

November 15, 2010

                /S/ Thomas L Cox, Jr.
                Thomas L. Cox, Jr.